Shaw, C. J.
In this case, the bail surrendered their principal to the jailer, after scire facias commenced and before final judgment, pursuant to the Rev. Sts. c. 91, § 13.
In construing a new statute, we must examine and ascertain, if possible, how the case stood before, and the objects and purposes intended to be accomplished by the new enactment, in order to understand and apply the words of the legislature.
Before the statute of 1817, c. 146, the mode of surrendering a person by his bail was, in court, whilst the original action *139 was there pending, or on the scire facias, whilst that was pending in court, or to an officer holding the execution. By the statute of 1817 it was provided, that the bail might surrender his principal to the. jailer, leaving a copy of the writ and return with the jailer within fifteen days. Under this provision, it is manifest, that the prisoner might be held by the jailer, without any warrant or written authority in his own possession, to justify his detention upon a habeas corpus.
The Rev. Sts. c. 91, § 14, we think, was intended to remedy this difficulty, by providing that the jailer shall not be obliged to receive any person so surrendered, unless the bail shall deliver to him a copy of the bail-bond, attested by the officer or by the clerk &c., which shall be a sufficient warrant for the jailer, although the surrender be unlawful. The eighteenth section provides that any person surrendered shall be received by the jailer and held in custody.
The point which more particularly claims the attention ol the court in this case is this: The fifteenth section requires that the bail shall within fourteen days after the surrender deliver an attested copy of the writ with a return thereon to the jailer. . In point of fact this was not done in the present ease, it being fifteen days from the day of the arrest to the day of such delivery of the copy, following the statute of 1817, c. 146, which allowed fifteen days.
Then the question is whether such delivery is a condition precedent to the validity of the surrender, or only directory. The court are of opinion that it was directory and not conditional.
By the statute of 1817, the only warrant the jailer had was the copy of the original process and return, and it was his only authority for holding the prisoner; and after the fifteen days allowed for filing it, it might well be contended, that the prisoner could be no longer lawfully detained.
By the revised statutes this is altered; the bail are obliged to deliver a copy of the bail-bond, at the time of the surrender, and that is the sheriff’s warrant. When one becomes bail he can forthwith have an attested copy of the bail-bond, and upon that he may seize and take his prisoner, whenever he *140 will, and this is his warrant, as well as the warrant of the jailer. By this arrangement the jailer is never without a warrant. But the effect is, that the copy of the writ and return are no longer necessary to enable and require the jailer to detain the prisoner.
It may be then asked, why is the copy of the writ and return required ? To this there may be several answers.
This provision for a surrender applies as well to cases of surrender before as after scire facias brought, and also before as well as after the original writ is returnable. It may be necessary or convenient for the information of the prisoner, who, when he is arrested, has no summons, and may have occasion to know precisely the time, place and court, at which he is to answer.
Again; by § 13 of Rev. Sts. c. 91, already cited, it is provided, that the prisoner shall be held in like manner, as if he had been committed by the officer who arrested him. Now it is obvious that if the officer had so committed him, he must have left with the jailer a copy of his writ and return. This must be designed for the information and security both of the jailer and prisoner. The copy required to be left in fourteen days, under the fifteenth section, is a substitute and intended to accomplish the like purpose. But as such copy is not now necessary to permit and require the jailer to detain the prisoner, as the prisoner must be detained during the thirty days without it, such return of the copy within fourteen days cannot be necessary to the rights or remedies of the creditor, and is not a condition of which he can take advantage, to make the surrender invalid and void.

Judgment for the defendants.